# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| GERMAN SALAZAR, ) | Case No. 12-13003-BFK |
| ) | Chapter 13 |
| Debtor. ) | |
| _____ ) | |
| GERMAN SALAZAR, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adversary Proceeding |
| ) | No. 18-01039-BFK |
| JP MORGAN CHASE BANK, NA dba CHASE ) | |
| HOME FINANCE, ) | |
| ) | |
| Defendant. ) | |

## ORDER DISMISSING ADVERSARY PROCEEDING

This is the second adversary proceeding filed by the Debtor in the above bankruptcy case to avoid, or strip off, a lien in favor of JPMorgan Chase Bank. The Court dismissed the first adversary proceeding after a show cause hearing on two grounds: first, the adversary proceeding was filed almost five years after entry of the Confirmation Order in the Debtor's bankruptcy case in violation of Paragraph 6 of the Confirmation Order. Adv. Pro. No. 17-01102-BFK, Docket No. 20. Second, the Plaintiff (Debtor) failed to serve the summons and complaint within 90 days as required by Bankruptcy Rule 7004(a)(1) (incorporating Federal Rule of Civil Procedure 4(m)). *Id.*[1]

The failure to serve the summons and complaint in a timely way might be cured by the filing of a new adversary proceeding. The failure to file the complaint for almost five years after

---

[1] The Chapter 13 Trustee filed his Final Report and Account on October 6, 2017, indicating that his administration of the Chapter 13 case was at an end. Case No. 12-13003-BFK, Docket No. 60. The Debtor filed the first adversary proceeding eleven days later on October 17, 2017. Adv. Pro. No. 17-01102, Docket No. 1.

entry of the Confirmation Order can not be. When the Court dismissed the previous adversary proceeding without prejudice, it was without prejudice to the re-filing of a strip-off complaint in a later bankruptcy case, should the Debtor choose to file another case (assuming that the Debtor in a subsequent case can meet all of the requirements for confirmation of a plan, including that the case was filed in good faith). The "without prejudice" language in the Order dismissing the previous adversary proceeding was not an invitation to file a second adversary proceeding in this case.

The Court found at the hearing on the Show Cause Order in the previous adversary proceeding that the Debtor had not shown excusable neglect for his failure to file the adversary proceeding for almost five years after the Confirmation Order was entered, in violation of paragraph 6 of the Confirmation Order. That problem cannot be cured with the filing a new adversary proceeding.

It is, therefore **ORDERED:**

1. This adversary proceeding is dismissed without prejudice to a refiling in any subsequent bankruptcy case.

2. The Clerk will mail copies of this Order, or give electronic notice of its entry, to the parties listed below.

Date: Apr 9 2018

Alexandria, Virginia

/s/ Brian F. Kenney
Brian F. Kenney
United States Bankruptcy Judge

Entered on Docket:4/10/2018 sas

2

<u>Copies to</u>:

German Salazar
8665 Night Watch Ct.
Bristow, VA 20136
*Debtor*

Alisa L. Correa
4196 Merchant Plaza
Suite 706
Woodbridge, VA 22192
*Counsel for Debtor*

JP Morgan Chas Bank, NA d/b/a
Chase Home Finance
Reg. Agent: CT Corporation System
1201 Peachtree Street NE
Atlanta, GA 30361
*Defendant*

Thomas P. Gorman
Chapter 13 Trustee
300 N. Washington St.
Suite 400
Alexandria, VA 22314
*Defendant*